## No. 8034.

## BURR *v.* MENDENHALL ET AL.

JUDGMENT.—*Execution.*—*Levy.*—*Appraisement.*—*Injunction.*—*Sheriff.*—A complaint to enjoin the collection of a judgment and obtain an entry of satisfaction averred the levy, in 1875, of an execution issued on the judgment, upon goods of value exceeding the judgment; that the sheriff ever after kept possession of the goods until the last were sold in 1878; that the goods were lawfully appraised at a sum greater than the judgment; that divers other *fieri facias* writs were issued from time to time and levied on such of the goods as remained unsold; that other unauthorized appraisements were made, and the whole of the goods finally sold without regard to appraisement in 1878, so that there was left a considerable balance of the judgment apparently unpaid. The answer did not controvert the irregular issue of writs of *fieri facias*, when writs of *vendi.* should have issued, nor that unauthorized appraisements were made; but it averred that none of the goods were sold for less than two-thirds of the appraised value, and that, in fact, they were all sold for more than their actual value.

*Held*, that the answer was good.

From the Henry Circuit Court.

*M. E. Forkner,* for appellant.

*J. Brown* and —— *Brown,* for appellees.

NEWCOMB, C.—This was a complaint by the appellant against the appellee Mendenhall and the sheriff of Henry county, praying that the levy of a certain execution held by the sheriff against the appellant and in favor of Mendenhall, should be enjoined and the judgment declared satisfied. No notice was taken of the sheriff in the circuit court, but Mendenhall filed an answer, to which the appellant demurred. The demurrer was overruled and the defendant had final judgment, the appellant electing to stand by his demurrer.

The grounds of relief stated in the complaint were, that in 1873, Mendenhall recovered judgment in said court against Burr, and, in 1875, caused an execution to issue thereon to the sheriff; that Burr turned out and the sheriff levied upon personal property in excess of the amount due on the judgment,

and ever after said sheriff retained possession of said property until the last of it was sold in 1878; that said property was appraised as required by law, and said appraisement reached a sum in excess of the amount due on the execution. After stating certain offers of sale under the first writ without result, the complaint gives a statement of divers other executions issued on said judgment, the last being the fourth *fieri facias* in the case. On the issue of each succeeding execution, the sheriff levied the same on such of the goods as were yet in his possession under the original levy. It is charged that at the several sales made on said writs, such sales were made without regard to appraisement, that the sheriff had had unauthorized appraisements made from time to time, so that finally, in 1878, he sold the last of the goods, leaving apparently a considerable balance still due on the judgment.

The answer alleged that there were two appraisements and three sales under the original execution, the sales aggregating $144.79, none of said goods having been sold for less than their appraised value. The execution was then returned to the clerk's office with a written statement of the doings of the sheriff thereunder. That afterward, on March 4th, 1876, the clerk of said court issued an alias execution to the sheriff, and the latter levied the same upon the remainder of said goods still in his possession; that a small amount of goods was sold under this execution, and the same was returned September 4th, 1876; that on January 25th, 1878, said Mendenhall sued out a *venditioni exponas*, and on said writ last named the sheriff sold the remainder of said goods, the same having been first legally advertised and appraised. The answer further avers that none of said goods were sold for less than two-thirds of their appraised value, and that in fact they were all sold for more than their full value.

No fraud is charged in the complaint, and the most that the charges amount to is that there were irregularities in issuing *alias* and *pluries* executions when the writ should have been a *vendi*. Assuming that this was erroneous, and that

new appraisements were made on said executions, what is the injury suffered by the plaintiff, and what his remedy?

He claims that on either of two grounds he was entitled to the relief asked in his complaint, first, because of the averment that the value of the goods levied upon exceeded the amount due on the execution, and that this was a satisfaction of the judgment until the levy should be legally disposed of.

This is a correct statement of the law, but the answer averred that the goods had all been sold by the sheriff and that they had realized not only more than the appraised value, but more than the actual value. This averment the demurrer admitted, and that admission left no ground for an injunction to stand upon. If the appellant received in credits on the judgment the full value of his goods, he was entitled to nothing more. The fact that an appraisement made in 1875 made the valuation greater than the judgment, does not change the rule of compensation. The complaint does not state that the goods continued of the same value for the three years during which parts of them were in the sheriff's hands. The judgment grew in the meantime, by interest and costs, and the goods necessarily deteriorated in value. The levy, according to the answer, was upon a lot of refuse goods that had been accumulating for fifteen years in a store run by the appellant, unfashionable, out of style, shelf-worn and otherwise dilapidated. These were kept in the sheriff's office and aired once in six months, in an effort to sell them. If the sheriff made mistakes, or the clerk issued to him the wrong writ, the appellant's measure of damages therefor was the value of the goods improperly sold, at the time of such sale, and not the price fixed upon them months or years before by two appraisers chosen under the statute governing sales on execution. Such appraisement fixes a sum below which goods can not be legally sold, but can not conclude either party on the question of value where that comes up in a subsequent action.

The other ground on which the appellant claims he should have had judgment is, that if, through the negligence or mis-

conduct of the officer, property levied upon is lost, wasted or destroyed while in the custody of the officer, the debt is paid to the extent of the value of the property lost, destroyed or wasted, and the creditor is remitted to his rights against the officer.

This, too, is a sound legal proposition, but its application to the case in hand is shadowy. The property was neither lost, wasted nor destroyed while in the custody of the officer, and, besides, the appellant had received the full value of the goods by the satisfaction in part of the judgment against him before he commenced his action.

What remedy the appellant might have against the sheriff or clerk for the alleged irregularities, is not a question presented by the record.

We find no error in the ruling of the circuit court, and its judgment should be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment below be and the same is hereby in all things affirmed, at the costs of the appellant.